UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN,<br><br>                Plaintiff,<br><br>       v.<br><br>TURNER, et al.,<br><br>                Defendants. | No.  2:15-cv-0200 KJN P (TEMP)<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Request to proceed in forma pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

1  The factual allegations in the complaint regarding the incident on which plaintiff sues are
2  set forth in their entirety as follows:[1]

> On December 1, 2012 and February 18, 2013, I was in "C" Facility B Building Cell 228 I requested a cell change due to serious problems with my cellmate. C/O Turner, C/O Joksch, C/O Harris, C/O Cooper failure to act prior placing my health and safety in reckless endangerment causing a deliberate indifference is in fact a subjective not an objective requirement refuse to act even with actual knowledge prior me becoming a victim of assault and battery sustaining multiple surgery and malpractice issues.

(Complaint, ECF No. 1 at 3.)

Plaintiff names as defendants Correctional Officers Turner and Joksch, and Warden Fred Foulk.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must also allege in specific terms how each named defendant is involved.[2] There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

---

[1] All typographical errors are as they appear in the complaint.

[2] In other words, plaintiff must allege how Correctional Officers Turner and Joksch, and Warden Foulk were *each* involved with, or participated in, the alleged interference with plaintiff's rights. Plaintiff does not name Correctional Officers Harris and Cooper as defendants.

1  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

3  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4      Plaintiff is advised of the following standards for claims stemming from prison officials'

5  alleged failure to protect him from harm.  In any amended complaint, plaintiff should set forth

6  facts that satisfy all of the elements of the claim that he wishes to plead.

7      It is well established that a prison official's deliberate indifference to a substantial risk of

8  serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

9  Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S.

10  25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97,

11  104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that

12  translates into constitutional liability for prison officials responsible for the victim's safety."

13  Farmer, 511 U.S. at 834.  There are objective and subjective requirements which must be met to

14  prevail on such an Eighth Amendment claim.  To satisfy the objective requirement, "the inmate

15  must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.

16  To meet the subjective requirement, the prison official must have a sufficiently culpable state of

17  mind.  See id.  Here the state of mind is one of deliberate indifference.  See id.  A prison official

18  who knows of and disregards an excessive risk to an inmate's health or safety demonstrates

19  deliberate indifference.  See id. at 837.  Thus, "the official must both be aware of facts from

20  which the inference could be drawn that a substantial risk of serious harm exists, and he must also

21  draw that inference."  Id.  However, an official who knows of a substantial risk to an inmate's

22  health or safety but acts reasonably under the circumstances will not be held liable under the cruel

23  and unusual punishment clause, even if the threatened harm results.  See id. at 843.  Mere

24  negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability

25  requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Id. at 835

26  (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  The defendant's conduct must have been

27  wanton.  Id.

28  ////

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  December 2, 2015

/tran0200.14.new.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN,<br><br>             Plaintiff,<br><br>      v.<br><br>TURNER, et al.,<br><br>             Defendants. | No.  2:15-cv-0200 KJN P (TEMP)<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

   _____         Amended Complaint
DATED:

                                             _____
                                             Plaintiff