UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN, | No. 2:15-cv-0200 DB P |
| Plaintiff, | |
| v. | ORDER |
| FRED FOULK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 4.) His first amended complaint is before the court for screening.

**I.      Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

1

substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.   Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state prisoner housed at High Desert State Prison ("HDSP") in Susanville, California. He names as defendants HDSP Warden Fred Foulk, Correctional Officer ("CO") Joksch, CO Turner, and Appeals Coordinator L. Lopez.

Plaintiff's allegations may be fairly summarized as follows:

**A.   Assault by Cellmate**

On January 12, 2013, plaintiff was assigned a cellmate, inmate Brian Yang, who was mentally unstable and on "psych-medication." Afraid for his safety, plaintiff repeatedly complained to COs Turner and Joksch about inmate Wang's mental instability and plaintiff's fear of attack. CO Turner attempted to move plaintiff, but the transfer did not happen. CO Joksch claimed to be too busy to attend to plaintiff's concerns.

On March 22, 2013, plaintiff was severely assaulted by his cellmate. As a result of the attack, plaintiff suffered a broken jaw and was hospitalized for months. His injuries are permanent.

**B.   Grievance Regarding Assault**

On July 21, 2013, plaintiff filed a staff complaint against COs Turner and Joksch concerning the March 22, 2013, assault. Plaintiff's appeal was granted in part at the first level of review and no misconduct was found. Many months later, plaintiff attempted to proceed to the second level of review, but his appeal was screened out by Appeals Coordinator L. Lopez on September 22, 2014, as duplicative of the first staff complaint and as untimely. Plaintiff claims the screening out of his appeal was improper because the delay was attributable to his months-long hospitalization and his placement in administrative segregation following the March 2013 assault.

## IV.   Discussion

**A.   Linkage and Supervisory Liability**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Plaintiff names HDSP Warden Fred Foulk as a defendant but asserts no charging allegations as to him. Insofar as plaintiff seeks to hold Warden Foulk liable based on the conduct his subordinates, this claim fails. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

Sine plaintiff has not alleged any of the above factors, his claim against Warden Foulk must be dismissed. Plaintiff was previously informed of the insufficiencies of his claim against this defendant. Leave to amend will therefore be denied as to Warden Foulk.

### B. Eighth Amendment Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) is objectively, sufficiently serious, and (2) the official is deliberately indifferent to inmate's health or safety. Farmer, 511 U.S. at 834; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 522 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff has adequately alleged a failure to protect claim against CO Joksch. Plaintiff alleges that he complained to this defendant about inmate Wang's mental instability and plaintiff's fear of assault, CO Joksch disregarded plaintiff's concerns, and plaintiff was severely assaulted by inmate Wang.

Plaintiff's allegations as to CO Turner, however, are insufficient to proceed to service. This is because plaintiff alleges that CO Turner attempted to move plaintiff following the latter's complaints regarding his safety. Although it appears that CO Turner's efforts were ultimately unsuccessful, the facts as alleged do not establish a disregard of a substantial risk of serious harm to plaintiff. Plaintiff's claim against this defendant will therefore be dismissed.

### C. Processing of Inmate Appeal

Finally, plaintiff brings a claim against Appeals Coordinator Lopez concerning the screening out of plaintiff's grievance at the second level of review. In the absence of any other allegations, this claim must be dismissed because a prison official's processing of an inmate's

appeals, without more, cannot serve as a basis for § 1983 liability. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (Citation omitted.)); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); see, e.g., Todd v. Calif. Dep't of Corr. and Rehab., 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [ ] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (quoting Ramirez, 334 F.3d at 860).

If, as it appears, plaintiff is claiming that he did not exhaust his administrative remedies and that his failure to do so is attributable to Appeals Coordinator Lopez's screening of plaintiff's staff complaint, plaintiff is hereby informed that failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones v. Bock, 549 U.S. 199, 204 (2007). Once a defendant proves that there was an available administrative remedy that the inmate did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).

**V.      Conclusion**

Based on the foregoing, plaintiff has sufficiently alleged a failure to protect claim against CO Joksch, but all other claims and defendants must be dismissed. Plaintiff's claim against Warden Foulk is dismissed without leave to amend. Plaintiff may proceed on his first amended complaint as screened, or he may file a second amended complaint. Should plaintiff file a second amended complaint, it must be a complete document.  The court cannot refer to prior documents or to subsequently filed supplements to make the complaint complete. See E.D. Cal. R. 220.

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The court will then provide plaintiff with the requisite forms to complete and return so that service of process may be initiated on defendant CO Joksch.

5

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must also allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of this order, plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified in this order, or
    b. Notify the court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; and
3. If plaintiff fails to comply with this order, the undersigned may dismiss this action for failure to obey a court order and failure to prosecute.

Dated:  March 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
Inbox/Substantive/tran0200.scrn.1AC

6