UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOKSCH,<br><br>　　　　　Defendant. | No. 2:15-cv-0200 MCE DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel on the grounds that he is indigent, his imprisonment will greatly limit his ability to litigate this case, the issues are complex, and English is his second language.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In addition, this court is sympathetic to plaintiff's difficulties with the English language. However, it appears he has some understanding of English and "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." Nguyen v. Bartos, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2 (E.D. Cal. Aug. 20, 2012). In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 42 ) is denied.

Dated: October 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/tran0200.31